## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SAM WRIGHT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1204 (RMC) |
| | ) | |
| NEIL ANTHONY GORDON McPHIE, | ) | |
| | ) | |
| Acting Chairman, United States | ) | |
| Merit Systems Protection Board, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Sam Wright, Jr., proceeding *pro se*, brings this action against Neil Anthony Gordon McPhie, Acting Chairman of the Merit Systems Protection Board ("MSPB"), seeking to invalidate certain MSPB procedural regulations.  Mr. Wright argues that the MSPB: (1) improperly denied his administrative petition to repeal these rules; (2) provided inadequate public notice of a proposed rulemaking in 1986; and (3) impermissibly uses attorney-examiners rather then administrative law judges to adjudicate cases.  Before the Court is the MSPB's motion to dismiss, or, in the alternative, motion for summary judgment, and Mr. Wright's opposition thereto.  Because Mr. Wright has failed to establish Article III standing, the Court will grant the motion to dismiss, although on different grounds than those offered by the MSPB.  *See, e.g.*, *ANR Pipeline Co. v. FERC*, 205 F.3d 403, 407-08 (D.C. Cir. 2000) (holding that the court is obliged to question plaintiff's standing *sua sponte* even when defendants have not); *Doe v. District of Columbia*, 216 F.R.D. 5, 9 (D.D.C. 2003) ("Though the question of standing has been inadequately explored by the

parties, because the question is jurisdictional in nature, the court must address it, nonetheless.").

## I. LEGAL STANDARDS

To establish Article III standing, a plaintiff must demonstrate that: "(1) he has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000), and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Mudd v. White*, 309 F.3d 819, 823 (D.C. Cir. 2002) (quoting *Defenders of Wildlife*, 504 U.S. at 560-61).

"[T]he burden of production a plaintiff must bear in order to show it has standing to invoke the jurisdiction of the district court varies with the procedural context of the case." *Sierra Club v. EPA*, 292 F.3d 895, 898 (D.C. Cir. 2002). "On a motion for summary judgment, . . . the plaintiff can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Id.* at 899 (quoting *Defenders of Wildlife*, 504 U.S. at 561) (internal quotation marks omitted). However, "[a]t the pleading stage, 'general factual allegations of injury resulting from the defendant's conduct may suffice,' and the court 'presumes that general allegations embrace the specific facts that are necessary to support the claim.' " *Id.* at 898-99 (quoting *Defenders of Wildlife*, 504 U.S. at 561).

2

Here, because the MSPB has not challenged standing, and therefore Mr. Wright has not had occasion to adduce affidavits in support of his claim, the Court evaluates the sufficiency of his standing allegations at the pleading stage, on the basis of his complaint alone.

The Court may grant a motion to dismiss only when the "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). At this early stage, the "complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (citation and internal quotation marks omitted). However, the Court "need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Comms. Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## II. DISCUSSION

Mr. Wright claims that the MSPB violated the Administrative Procedure Act ("APA"), the Civil Service Reform Act ("CSRA"), and the Fifth Amendment, first in failing to abide by requirements regarding the provision of public notice and the use of administrative law judges, and then in failing to provide grounds for its denial of his petition to repeal MSPB procedural regulations. It is well established that a challenge to an agency's failure to abide by a procedural requirement "may compel a court to pay particular attention to those components of standing that ensure the proper parties are before the court." *Florida Audubon Soc'y v. Bentsen*, 94 F.3d 658, 664 (D.C. Cir. 1996). In such cases, the standing requirement "serves to distinguish a person with a direct stake in the outcome of a litigation—even though small—from a person with a mere interest

in the problem." *United States v. Students Challenging Regulatory Agency Procedures* ("*SCRAP*"), 412 U.S. 669, 689 n.14 (1973).

## A.  Standing to Challenge the MSPB's Denial of his Petition

By letter to the MSPB dated May 3, 2004, Mr. Wright petitioned for the repeal of the final rule published at 51 Fed. Reg. 25,146 (July 10, 1986).  Dkt. #4, Exh. 1.  The MSPB denied Mr. Wright's request on May 20, 2004.  MSPB Statement of Facts at 3.  In its denial letter, the MSPB explained that this final rule was simply a republication of existing rules, and was intended to "eliminate confusion because of improper structure or text resulting from previous piecemeal changes."  Dkt. #4, Exh. 2 at 1.  It described Mr. Wright's petition as requesting that "the Board abolish its entire rules of practice and procedure."  *Id.*  In declining this invitation, the MSPB stated: "[I]f you can tell us which rule in particular of the Board's regulations you wish us to modify or change, we will certainly consider your suggestions for future revisions."  *Id.* at 2.  In Count I, Mr. Wright complains that the MSPB ran afoul of § 553(e) of the APA by failing to provide grounds for its denial.

Section 553(e) "requires agencies to give interested parties the right to petition for the issuance, amendment, or repeal of a rule."  *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.*, 366 F.3d 930, 948 (D.C. Cir. 2004) (citing 5 U.S.C. § 553(e)).  It further provides that "an agency shall give prompt notice and a brief explanation of the grounds for the denial of such a petition."  *Id.* However, petitioners "may be 'interested parties' under the statute, and therefore be able to petition the agency, and yet not have Article III standing."  *Gettman v. DEA*, 290 F.3d 430, 433 (D.C. Cir. 2002) (citing *Fund Democracy LLC v. SEC*, 278 F.3d 21, 27 (D.C. Cir. 2002)); *see also Shipbuilders Council of America v. United States*, 868 F.2d 452, 456 n.3 (D.C. Cir. 1989) ("The denial of such

4

a petition is subject to judicial review, provided that the petitioner can establish the prerequisite Article III standing."); *College Sports Council v. Dep't of Educ.*, 357 F. Supp. 2d 311, 313 (D.D.C. 2005) (holding that the fact that "§ 533(e) requires agencies to receive and consider rulemaking petitions from interested persons does not independently create jurisdiction to challenge denials of such petitions"). In other words, "the grant of a procedural right alone cannot serve as the basis for Article III standing unless the procedures in question are designed to protect some threatened concrete interest of [petitioner's] that is the ultimate basis of his standing." *Gettman*, 290 F.3d at 433 (citations and internal quotation marks omitted).

Thus, Mr. Wright does not have standing to bring Count I simply by virtue of the MSPB's alleged failure to provide grounds for its denial of his petition. *See id.* Rather, to establish Article III standing, he must demonstrate that this procedural right was "designed to protect some threatened concrete interest . . . that is the ultimate basis of his standing." *Id.* The question of whether Mr. Wright has standing to challenge the MSPB's denial of his petition, then, is bound up with the question of whether he has standing to challenge the underlying regulations that he ultimately seeks to repeal, a question to which the Court next turns.

### B. Standing to Challenge the MSPB's Alleged Failure to Publish Adequate Notice of Proposed Rulemakings and Its Alleged Use of Attorney-Examiners

In Counts II and III, Mr. Wright complains that the MSPB violated the APA, in addition to the CSRA and the Fifth Amendment, by providing inadequate public notice of a proposed rulemaking in 1986, and by using attorney-examiners rather then administrative law judges to adjudicate cases. Complaint at 2-3. For Count II, however, as for Count I, in describing his injury he alleges only that he is "adversely affected" and "aggrieved by Defendant's action." *Id.* Count III

contains not even this perfunctory recitation. *Id.* at 3-4. The complaint is otherwise silent as to injury in fact, causation, and redressability. It makes no effort to describe *what* injury he has suffered by virtue of the MSPB's alleged failure to abide by relevant laws, how that injury would be remedied by the regulations' repeal, or for that matter any "concrete interest" he has in the outcome of this litigation.[1] *See Gettman*, 290 F.3d at 433. Such nondescript and conclusory allegations of injury are not the type of "general factual allegations" from which the Court may presume the "specific facts" necessary to ensure that a plaintiff has standing, *cf. Sierra Club*, 292 F.3d at 898-99, and are insufficient to meet the plaintiff's burden of alleging an injury in fact that is concrete and particularized. *See Defenders of Wildlife*, 504 U.S. at 560-61; *see also SCRAP*, 412 U.S. at 689 n.14 (noting that a "trifle" is a sufficient injury, so long as it is "identifiable").

Rather, as they stand, Counts II and III of the complaint allege the type of generalized grievance that is plainly insufficient to establish standing. *See Defenders of Wildlife*, 504 U.S. at 573-74 ("We have consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy."); *SCRAP*, 412 U.S. at 689 (noting that, to establish standing, the pleadings must allege a "specific and perceptible harm that distinguishe[s] [the plaintiff] from other citizens").

Because he has not alleged a sufficiently concrete injury in fact, *see Defenders of*

---

[1] The Court notes that Mr. Wright's May 3 petition to the MSPB is written on letterhead for Federal Employees Against Discrimination Inc., a self-described "non-profit corporation dedicated to the elimination of prejudice and discrimination and to the defense of human and civil rights secured by law." Dkt. #4, Exh. 1. Nowhere in Mr. Wright's complaint is this organization mentioned, or is organizational standing alleged.

*Wildlife*, 504 U.S. at 560-61, or in any way identified his "direct stake" in the outcome of this litigation, *see SCRAP*, 412 U.S. at 689 n.14, Mr. Wright has failed to establish standing to bring Counts II and III, which challenge the MSPB's alleged failure to provide adequate public notice of its 1986 proposed rulemaking, and its use of attorney-examiners rather then administrative law judges. And, because he lacks standing to bring these underlying claims, Mr. Wright likewise lacks standing to bring Count I, because he cannot demonstrate that his procedural rights under § 553(e) are moored to "some threatened concrete interest . . . that is the ultimate basis of his standing." *See Gettman*, 290 F.3d at 433.

### III. CONCLUSION

For the foregoing reasons, Mr. Wright lacks standing to bring this action and it will be dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Signed: September 27, 2005

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge